UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DANIEL RICHARD HALL, III, ) | |
| ) | Case No. 1:24-cv-273 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| LT. COLE, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION

On September 10, 2024, this Court entered an Order providing the pro se prisoner Plaintiff with twenty-one (21) days within which to complete and return a service packet for Defendant (Doc. 9). The envelope bearing that Order was marked "Return to Sender[,]" placed back in the postal system by September 24, 2024, and received by the Court on September 30, 2024, with a notation that Plaintiff is no longer housed at his address of record (Doc. 10). To date, Plaintiff has not updated his address or otherwise communicated with the Court.

"It is the duty of any party not represented by counsel . . . to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. Federal Rule of Civil Procedure 41(b) gives the Court authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that

the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Applying these rules requires the Court to dismiss this action. More than fourteen (14) days have passed since the Court's Order was marked "Return to Sender" and placed back in the postal system, but Plaintiff has not updated his address with the Court. Thus, Plaintiff has willfully failed to comply with the Court's prior Order and Local Rule 83.13. And the Court explicitly warned Plaintiff in previous Orders that failure to update his address could result in the dismissal of this action (*See* Doc. 6, at 1; Doc. 7, at 2). Plaintiff's failure to update his address leaves the Court unable to move this litigation forward.

"[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Orders or this Court's Local Rules.

Accordingly, the Court will **DISMISS** this action without prejudice for failure to prosecute and comply with an order of the Court pursuant to Rule 41(b).

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*.

**AN APPROPRIATE JUDGMENT ORDER SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**